Ellyn Moscowitz, Esq. (CA Bar No. 129287)
Kathy Roberts, Esq. (CA Bar No. 233481)
LAW OFFICES OF ELLYN MOSCOWITZ
1629 Telegraph Avenue, 4th Floor
Oakland, California 94612
Telephone: (510) 899-6240
Facsimile: (510) 899-6245

Attorneys for Plaintiffs,
SPRINKLER FITTERS LOCAL UNION 669, BRAD
CONRADO, DEAN JENSEN and THOMAS CAUDLE,
Individually and on behalf of all others similarly situated

Robert L. Rediger, Esq. (CA Bar No. 109392)
Laura C. McHugh, Esq. (CA Bar No. 180930)
Sarah R. Lustig, Esq. (CA Bar No. 255737)
REDIGER, McHUGH & HUBBERT, LLP
555 Capitol Mall, Suite 1240
Sacramento, California 95814
Telephone: (916) 442-0033
Facsimile: (916) 498-1246

Attorneys for Defendant,
PRO-TECH FIRE PROTECTION SYSTEMS CORP.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPRINKLER FITTERS LOCAL UNION 669, BRAD CONRADO, DEAN JENSEN, and, THOMAS CAUDLE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PRO-TECH FIRE PROTECTION SYSTEMS, CORP. and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 2:08-CV-00643-JAM-EFB<br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE: CLASS LIST**<br><br>Complaint Filed: April 3, 2008<br>Trial Date: September 14, 2009 |

– 1 –

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE: CLASS LIST**

PDF created with pdfFactory trial version www.pdffactory.com

1.  PURPOSE AND LIMITATIONS

This Protective Order shall apply only to the disclosure of the "Class List" in this matter. The Parties agree that Plaintiffs' Counsel may use this Class List to contact Putative Class Members for the purposes of prosecuting, defending, or attempting to settle this litigation. Accordingly, the Parties hereby stipulate to and petition the Court to enter this Stipulation and Protective Order (hereinafter "Protective Order").

The Parties acknowledge, as set forth in Section 7 below, that this Protective Order creates no entitlement to file confidential information under seal; Local Rule 39-141 sets forth the procedures that must be followed and reflects the standards that will be applied when a Party seeks permission from the court to file material under seal.

2.  DEFINITIONS

    2.1  Party: Any party specifically named in the Complaint for Damages and Injunctive Relief in this action (hereinafter "Complaint").

    2.2  Named Plaintiff: Any plaintiff specifically named in the Complaint, including, if applicable, all of their officers, directors, and employees.

    2.3  Putative Class Member: Any sprinkler fitter employee of Defendant PRO-TECH FIRE PROTECTION SYSTEMS CORP. (hereinafter "PRO-TECH") who was employed in California on or after March 21, 2004 or at any location in the United States on or after March 21, 2005.

    2.4  Class List: The list of every Putative Class Member's name and address and telephone number, if any, last-known to PRO-TECH, regardless of the format, medium or manner generated, stored or maintained (including, among other things, hard copy of computer readable form).

    2.5  "Produced Subject To Protective Order" Information or Items: The "Class List" as defined in paragraph 2.4 hereinabove will be produced subject to this Protective Order. The Parties agree that the Class List is being produced subject to the highest level of protection and, therefore, is being produced for Named Plaintiffs' Counsel's "eyes only" as set forth in paragraph 6 hereinbelow. The parties further agree that Named Plaintiffs' Counsel may

– 2 –

PDF created with pdfFactory trial version www.pdffactory.com

use this Class List to contact Putative Class Members for the purposes of prosecuting, defending, or attempting to settle this litigation.

    2.6    <u>Protected Material</u>: The "Class List" will be designated as "Produced Subject To Protective Order," and, as such, will be considered Protected Material.

    2.7    <u>Counsel</u>: Attorneys of record who are retained to represent a Party in this action (and their support staff).

    2.8    <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

    2.9    <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.) and their employees and subcontractors.

    3.    <u>SCOPE</u>

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as any copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or counsel to or in court or in other settings that might reveal Protected Material, with the exception noted above that Named Plaintiffs' Counsel may use such information to contact Putative Class Members for the purposes of prosecuting, defending, or attempting to settle this litigation. Notwithstanding any other provision of this Protective Order, Named Plaintiffs' Counsel is entitled to use and introduce any evidence gathered as a result of contact with Putative Class Members.

    4.    <u>DURATION</u>

Even after the termination of this litigation, the confidentiality obligations imposed by

PDF created with pdfFactory trial version www.pdffactory.com

this Protective Order shall remain in effect until PRO-TECH agrees otherwise in writing or a court order otherwise directs.

5. DESIGNATING PROTECTED MATERIAL

5.1 Manner and Timing of Designations. Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Protective Order must clearly so designate before the material is disclosed or produced. PRO-TECH shall affix the appropriate legend ("Produced Subject To Protective Order") at the top of each page that contains Protected Material.

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "Produced Subject To Protective Order" does not, standing alone, waive PRO-TECH's right to secure protection under this Protective Order for such material. If material is appropriately designated as "Produced Subject To Protective Order" after the material was initially produced, Counsel for the Named Plaintiffs, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

6. ACCESS TO AND USE OF PROTECTED MATERIAL

6.1 Basic Principles – Protected Material is for Named Plaintiffs' Counsel's Eyes Only and May Only Be Used In Connection With The Instant Litigation. Any Protected Material or information or item produced by PRO-TECH to Plaintiffs or Counsel for the Named Plaintiffs and designated "Produced Subject To Protective Order" is intended to be disclosed to, viewed by and used by Counsel for the Named Plaintiffs only. The Named Plaintiffs may not view or use any Protected Material or information or item produced by PRO-TECH to Plaintiffs or Counsel for the Named Plaintiffs and designated "Produced Subject To Protective Order."

Counsel for Named Plaintiffs may use Protected Material that is disclosed or produced by PRO-TECH in connection with this case only for the purposes of prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the category of persons and under the conditions described in this Protective Order. When the litigation has been terminated, Counsel for the Named Plaintiffs must comply with the

– 4 –

PDF created with pdfFactory trial version www.pdffactory.com

provisions of Section 10 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by Counsel for the Named Plaintiffs at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

6.2 <u>Disclosure of Information or Items Designated As "Produced Subject To Protective Order."</u> Unless otherwise ordered by the court or permitted in writing by PRO-TECH, PRO-TECH will disclose any information or item designated "Produced Subject To Protective Order" only to Counsel for the Named Plaintiffs. Furthermore, Counsel for the Named Plaintiffs will only disclose information or items designated "Produced Subject To Protective Order" as follows:

(a) to employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as <u>Exhibit A</u>;

(b) to Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation and (2) who have signed the "Agreement to Be Bound by Protective Order;"

(c) to the Court and its personnel, but only in connection with this litigation pursuant to the procedure outlined in Section 7;

(d) to court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order;"

(e) to the author of the document or the original source of the information; and

(f) in no way are any of paragraphs 6.2(a) through 6.2(f) of this Protective Order intended to be construed in a manner such that Protected Material may be disclosed to, viewed by or used by any of the Named Plaintiffs, and by entering into this Stipulation and Protective Order, the Named Plaintiffs, through their Counsel, and their Counsel, expressly acknowledge and agree not to disclose or in any way communicate or

– 5 –

PDF created with pdfFactory trial version www.pdffactory.com

provide Protected Material to the Named Plaintiffs.

7.  FILING PROTECTED MATERIAL

Without written permission from PRO-TECH or the affected Putative Class Member(s), Counsel for the Named Plaintiffs may not file in the public record in this action any Protected Material without first redacting all identifying information for said Putative Class Member.

8.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If the Named Plaintiffs and/or Counsel for the Named Plaintiff are served with a subpoena or an order issued in other litigation that would compel disclosure of the "Class List," Counsel for the Named Plaintiffs must so notify Counsel for PRO-TECH in writing immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

Counsel for the Named Plaintiffs also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, Counsel for the Named Plaintiffs must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford PRO-TECH an opportunity to try to protect the privacy interests of Putative Class Members in the court from which the subpoena or order issued. PRO-TECH shall bear the burdens and the expenses of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging any Parties in this action to disobey a lawful directive from another court.

9.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If Named Plaintiffs and/or Counsel for the Named Plaintiffs learn that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, they must immediately (a) notify Counsel for PRO-TECH in writing of the unauthorized disclosures, (b) use their best efforts to retrieve all copies

PDF created with pdfFactory trial version www.pdffactory.com

of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as <u>Exhibit A</u>.

10. <u>FINAL DISPOSITION</u>

Unless otherwise ordered or agreed in writing by PRO-TECH, within sixty (60) days after the final termination of this action, Counsel for the Named Plaintiffs must destroy or return to PRO-TECH all Protected Material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, Counsel for the Named Plaintiffs must submit a written certification to PRO-TECH by the sixty (60) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Counsel has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

11. <u>MISCELLANEOUS</u>

11.1 <u>Right to Further Relief</u>. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

11.2 <u>Execution of Stipulation</u>. Until such time as this Protective Order has been entered by the Court, the Parties agree that upon execution by the Parties, it will be treated as though it has been "So Ordered."

11.3 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the

PDF created with pdfFactory trial version www.pdffactory.com

material covered by this Protective Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: March _23_, 2009            **LAW OFFICES OF ELLYN MOSCOWITZ**

                                   By: _/s/ Ellyn Moscowitz_____
                                   KATHY ROBERTS/ELLYN MOSCOWITZ
                                   Attorneys for Plaintiffs,
                                   SPRINKLER FITTERS LOCAL UNION 669,
                                   BRAD CONRADO, DEAN JENSEN and
                                   THOMAS CAUDLE, individually and on behalf of
                                   all others similarly situated

Dated: March _23_, 2009            **REDIGER, McHUGH & HUBBERT, LLP**

                                   By: _/s/ Laura C. McHugh_____
                                   LAURA C. McHUGH
                                   Attorneys for Defendant,
                                   PRO-TECH FIRE PROTECTION SYSTEMS
                                   CORP.

**PURSUANT TO THIS STIPULATION, IT IS SO ORDERED.**

Dated: March 24, 2009                      _/s/ John A. Mendez_____
                                           United Stated District Judge

– 8 –

EXHIBIT A TO STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE: CLASS LIST -
ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

PDF created with pdfFactory trial version www.pdffactory.com

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPRINKLER FITTERS LOCAL UNION 669, BRAD CONRADO, DEAN JENSEN, and, THOMAS CAUDLE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PRO-TECH FIRE PROTECTION SYSTEMS, CORP. and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 2:08-CV-00643-JAM-EFG<br><br>**APPENDIX A TO STIPULATION AND PROTECTIVE ORDER RE: CLASS LIST - ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND** |

I, _____, declare under the penalty of perjury, that:

    (a)    My present employer is _____ and the address of my present employer is _____;

    (b)    My present occupation or job description is _____;

    (c)    I have received and carefully read the Protective Order dated _____, and understand its provisions. Specifically, I understand that I am obligated, under the Order of the Court, to hold in confidence and not to disclose the contents of anything marked "Produced Subject To Protective Order," except as permitted under the terms of this Protective Order. I will use said information solely for purposes relating to the above-captioned litigation. I will never use said information, directly or indirectly, in competition with PRO-TECH FIRE PROTECTION SYSTEMS CORP. or for union organizing purposes, nor will I permit others to. In addition to the foregoing, I understand that I must abide by all of the provisions of the

– 9 –
EXHIBIT A TO STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE: CLASS LIST - ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

PDF created with pdfFactory trial version www.pdffactory.com

Protective Order.

    (d)    At the termination of this action or at any time requested by Counsel for the Named Plaintiffs, I will return to Counsel all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials containing or reflecting information marked "Produced Subject To Protective Order," which have come into my possession, and will return all documents or things I have prepared relating to or reflecting such information.

    (e)    I understand that I am subject to the jurisdiction of this Court for the purposes of enforcing this Order, and I further understand that if I violate the provisions of the Protective Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the disclosing party.

    (f)    If I am not a California resident, I hereby appoint _____ _____ [full name] of _____ [full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

I declare under the penalty of perjury of the laws of the United States that the foregoing is true and correct.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
        [printed name]

Signature: _____
        [signature]

EXHIBIT A TO STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE: CLASS LIST - ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

PDF created with pdfFactory trial version www.pdffactory.com